UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PAUL BRYON BREWER,<br>*Plaintiff(s)*,<br><br>v.<br><br>U.S. FEDERAL GOVERNMENT, FRATERNAL ORDER OF POLICE, NATIONAL SECURITY ALLIANCE, FEDERAL BUREAU OF INVESTIGATION, CENTRAL INTELLIGENCE AGENCY, STATE OF OHIO, STATE OF MICHIGAN<br>*Defendant(s)*. | No. 3:23-cv-01442 (VAB) |

**RULING AND ORDER**

On November 1, 2023, Paul Bryon Brewer ("Plaintiff"), proceeding *pro se*, filed this action against several Defendants, alleging that the State of Ohio, the State of Michigan, the Central Intelligence Agency, the United States Federal Government, the National Security Alliance, and the Fraternal Order of Police, have conspired to murder him since 2006. Complaint, ECF No. 1 (Nov. 1, 2023) ("Compl."), at 3. Mr. Brewer also asserts that the State of Michigan, through one of its employees, conspired against him with two other individuals to have Mr. Brewer charged with the rape of a minor. Compl. at 3. Mr. Brewer seeks as damages, what the United States Federal Government, the Ohio State Government, and the Michigan State Government allegedly have stolen from him. Compl. at 5. On the same day, Mr. Brewer filed a motion to proceed *in forma pauperis*. Motion for Leave to Proceed *In Forma Pauperis*, ECF No. 2 (Nov. 1, 2023) ("Pl.'s Mot.").

For the following reasons, the Court **DISMISSES without prejudice** Mr. Brewer's Complaint under 28 U.S.C. § 1915(e), but denies leave to amend.

I.  **BACKGROUND**

Mr. Brewer alleges that from 2006 until the date he filed his Complaint, the Defendants conspired to murder him to keep him from suing the federal government, the State of Ohio, and the State of Michigan. Compl. at 3. In the summer of 2009, he also alleges that Crystal Lynn Brewer conspired with an employee of the State of Michigan to have him charged with the rape of a minor,[1] and that Ms. Brewer faked her death. *Id.* Mr. Brewer seeks "[e]verything that the United States, and United States federal government, and Ohio state government, and Michigan state government stoled [sic] from me." *Id.* at 5.

II.  **STANDARD OF REVIEW**

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an *in forma pauperis* action if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action will be deemed frivolous when "either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted).

---

[1] Before bringing this Complaint, Mr. Brewer filed complaints alleging similar facts in at least two other district courts, which were dismissed under 28 U.S.C. § 1915 as "totally implausible, attenuated, unsubstantial, frivolous and devoid of merit." *See* Report and Recommendation, *Brewer v. United States Government et al*, 1:23-cv-00866-HYJ-RSK, ECF No. 11 at 3 (Aug. 29, 2023) ("Western District of Michigan Report and Recommendation"); *see id.* at 1 (stating Mr. Brewer alleged that "'[t]he State of Ohio attempted to Brainwash a little boy into saying I raped him'; that he was tortured in Utah, Alabama, Ohio, Michigan, Virginia and North Carolina; that defendants robbed him of the chance to be President of the United States; that defendants embezzled $900 trillion from the United States Treasury; and that the CIA and FBI gassed him and shocked him during the summer of 2009 in Lorain, Ohio."); *see also* Order Approving and Adopting Report and Recommendation, *Brewer v. United States Government et al*, 1:23-cv-00866-HYJ-RSK, ECF No. 14 (Sept. 14, 2023) (dismissing Mr. Brewer's complaint for lack of subject matter jurisdiction); *see* Complaint, *Brewer v. United States Government et al*, 2:23-cv-01417-CB, ECF No. 4 (August 11, 2023) (alleging "the State of Oho attempted to brainwash a little boy into saying I raped him" and that the child "lived . . . in Lorain, Ohio"); Order of Dismissal, *Brewer v. United States Government et al*, 2:23-cv-01417-CB, ECF No. 8 (September 8, 2023) (discussing how Mr. Brewer "[shared] how his ex-wife and another individual accused him of sexually abusing children" and concluding "[c]learly Plaintiff's incredible allegations fail to support claims upon which relief may be granted, generally, and with respect to the named Defendants").

"A claim is based on an indisputably meritless legal theory when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Id.* (internal quotations and citations omitted). "The Supreme Court has observed that a 'finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.'" *Scott v. Paterson*, No. 10-CV-2267 (ARR), 2010 WL 2160141, at *1 (E.D.N.Y. May 26, 2010) (quoting *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)); *Sadler v. United States Marshal*, No. 23-CV-6418 (EK) (SJB), 2024 U.S. Dist. LEXIS 1222, at *3 (E.D.N.Y. Jan. 3, 2024) (quoting *Denton*, 504 U.S. at 33).

When a plaintiff appears *pro se*, the court must construe their complaint liberally, in the plaintiff's favor holding it to "less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citation omitted); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The complaint must still include, however, "sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief." *Shabazz v. Valentine*, No. 3:14-cv-1711 (JBA), 2014 U.S. Dist. LEXIS 167220, *1-2 (D. Conn. Dec. 3, 2014); *see also Bell Atlantic v. Twombly*, 550 U.S. 544, 555–56, 570 (2007) (plaintiff must plead "enough facts to state a claim to relief that is plausible on its face"). A claim contains the requisite "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conclusory allegations are not sufficient; a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (citation and internal quotation marks omitted)

3

When a "*pro se* complaint is so frivolous that, construing the complaint under the liberal rules applicable to [such] complaints, it is unmistakably clear that the court lacks jurisdiction or that the claims [lack] merit," the court has the power to dismiss *sua sponte*. *Mendlow v. Seven Locks Facility*, 86 F. Supp. 2d 55, 57 (D. Conn. 2000). Additionally, "if the court determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### III.    DISCUSSION

While the Court has serious concerns about the plausibility and credibility of Mr. Brewer's Complaint, *see Denton*, 504 U.S. at 33 ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]"), as a threshold matter, this Court lacks personal and subject matter jurisdiction over his claims.

#### A.  The Jurisdictional Issues

This Court lacks personal jurisdiction over Mr. Brewer's claims, which arise from events occurring outside of Connecticut. *Martin v. Martin*, 250 F. App'x 438, 439 (2d Cir. 2007) (affirming *sua sponte* dismissal without prejudice for lack of personal jurisdiction under Section 1915(e)(2)(B)(i)) (summary order); *Pino v. Ryan*, 49 F.3d 51, 54 (2d Cir. 1995) (noting "an affirmative defense appearing on the face of a complaint" can be used as "the basis for a *sua sponte* dismissal under section 1915(d) prior to service of the complaint").
When a Defendant is not domiciled in the forum state, "due process requires . . . [that] he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945) (citation omitted). Mr. Brewer does not allege that any of the Defendants are domiciled in the State of Connecticut, nor does he

4

establish that these alleged events occurred in the state of Connecticut, other than a conclusory allegation that the events occurred "right here in Bridgeport." Compl. at 3. Although Mr. Brewer's Complaint must be "liberally construed," s*ee Estelle*, 429 U.S. at 106, there is nothing in his Complaint to plausibly suggest, *see Iqbal*, 556 U.S. 662, 678 (requiring "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"), that these events—which involved himself, a resident of Michigan, and the state of Michigan—occurred in Bridgeport.[2]

Accordingly, this Court lacks personal jurisdiction over the Defendants for his claims.

Even if Mr. Brewer had alleged sufficient minimum contacts with the state of Connecticut, this Court lacks subject matter jurisdiction over many of his claims.

Mr. Brewer's Complaint names as Defendants state governments—the State of Ohio and the State of Michigan,—the United States Federal Government, and federal agencies—the National Security Alliance, the Federal Bureau of Investigation, and the Central Intelligence Agency. But any such claims against these Defendants are barred under the doctrine of sovereign immunity.

The Eleventh Amendment of the Constitution bars suits against a state in federal court unless the state has waived its immunity. *See Mancuso v. N.Y. State Thruway Auth.*, 86 F.3d 289, 292 (2d Cir. 1996) ("[T]he Supreme Court has interpreted the Eleventh Amendment to extend to suits by all persons against a state in federal court. Thus, in [*Hans*] the Court rejected the idea that the Eleventh Amendment allowed states, without their consent, to be sued by their own

---

[2] While the allegations in his Complaint here are sufficient to find a lack of personal jurisdiction, the fact that Mr. Brewer has represented to other district courts that these events occurred in Ohio further establishes a lack of sufficient minimum contacts in Connecticut. *See* Western District of Michigan Report and Recommendation at 1 (Mr. Brewer alleged "that he was tortured in Utah, Alabama, Ohio, Michigan, Virginia and North Carolina," and "that the CIA and FBI gassed him and shocked him during the summer of 2009 in Lorain, Ohio.")

citizens in federal court." (citing *Hans v. Louisiana*, 134 U.S. 1, 10-11 (1890))). A state's waiver of immunity is found only where express language or overwhelming implication from the text allow no other interpretation than a waiver of immunity. *See Richardson v. N.Y. State Dep't of Corr. Serv.*, 180 F.3d 426, 448 (2d Cir. 1999) ("[W]aiver is found only where stated 'by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction.'" (quoting *Edelman v. Jordan*, 415 U.S. 651, 673 (1974)). No such waiver has occurred in the present matter.

Accordingly, all claims against the State of Ohio and the State of Michigan must be dismissed because the Court lacks subject matter jurisdiction because of state sovereign immunity.

Likewise, the federal government and its agencies have sovereign immunity, which provides a shield against lawsuits unless the government or agency consents to the suit. *See Dorking Genetics v. United States*, 76 F.3d 1261, 1263 (2d Cir. 1996) ("'Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit'…. Since 'sovereign immunity is jurisdictional in nature,' the United States may only be sued with its consent." (quoting *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994))). For a court to have jurisdiction over a lawsuit against the federal government, the United States must clearly waive its sovereign immunity. *See United States v. White Mt. Apache Tribe*, 537 U.S. 465, 472 (2003) ("Jurisdiction over any suit against the Government requires a clear statement from the United States waiving sovereign immunity[.]" (citing *United States v. Mitchell*, 445 U.S. 535, 538 (1980))). Here, there is no such consent or waiver of immunity.[3]

---

[3] While the FTCA authorizes a suit for damages for injury or loss of property "resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment," 28 U.S.C. § 2679(b)(1), federal agencies are not proper defendants under the FTCA. *Meyer,* 510 U.S.

Accordingly, the claims against the United States and its agencies must be dismissed, as the Court lacks subject matter jurisdiction over them. *See Fisko v. United States GSA*, 395 F. Supp. 2d 57, 62 (S.D.N.Y. 2005) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)) ("[I]f the Government has not waived its sovereign immunity, or if the conditions under which the Government has agreed to waive that immunity have not been met, federal subject matter jurisdiction does not exist over the plaintiff's claims[.]").

Finally, Mr. Brewer's claims against the Fraternal Order of Police must be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Mr. Brewer has not alleged any facts in his Complaint relating to the Fraternal Order of Police, or otherwise providing a basis for claims against this Defendant.

Accordingly, Mr. Brewer's claims against this Defendant too must be dismissed for failure to state a claim upon which relief may be granted. *See In re Mexican Gov't Bonds Antitrust Litig.*, 412 F. Supp. 3d 380, 387 (S.D.N.Y. 2019) ("[A] complaint 'must contain sufficient factual matter' that, if taken to be true, would 'allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" (quoting *Ashcroft*, 556 U.S. at 678)).

### B. Leave to Amend

While this Court "should freely give leave [to amend a pleading] when justice so requires," Fed. R. Civ. P. 15(a)(2), this Court has discretion to deny leave to amend "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of

---

at 476–77 (1994) ("[T]he FTCA remedy is 'exclusive' and the federal agency cannot be sued 'in its own name.'"). In addition, Mr. Brewer does not include any factual allegations supporting his claim that "the federal government" conspired to "murder him" that would provide a plausible basis for a claim under the FTCA.

allowance of the amendment, [or] futility of amendment[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Tocker v. Phillip Morris Cos., Inc.*, 470 F.3d 481, 491 (2d Cir. 2006) ("[A] motion for leave to amend a complaint may be denied when amendment would be futile."). In addition, it is well established that, in federal court, a plaintiff "must allege a proper basis for jurisdiction in his pleadings and must support those allegations with competent proof if a party opposing jurisdiction properly challenges those allegations, or if the court sua sponte raises the question." *Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998) (internal citations and quotation marks omitted).

As discussed above, Mr. Brewer's claims against state and federal governments and their agencies are barred by sovereign immunity, and thus leave to amend would be futile. *See Acito v. IMCERA Grp., Inc.*, 47 F.3d 47, 55 (2d Cir. 1995) ("One good reason to deny leave to amend is when such leave would be futile."). *Koso v. Haegele*, No. 18-CV0-4400 (JMA) (AYS), 2018 WL 6531496, at *3 (E.D.N.Y. Dec. 11, 2018) ("Because there is a lack of subject matter jurisdiction, which could not be cured if afforded an opportunity to amend [Plaintiff's] complaint, leave to amend the complaint is denied.").

Accordingly, Mr. Brewer's claims against these defendants will be dismissed without prejudice, but without leave to amend. *See Viera v. Weir*, No. 15-CV-1292 (VLB), 2015 WL 5472841, at *2 (D. Conn. Sept. 16, 2015) (dismissing claims barred by state sovereign immunity without prejudice and without leave to replead).

As for Mr. Brewer's potential claims against the Fraternal Order of Police, Mr. Brewer not only fails to allege sufficient nexus between either this Defendant or the State of Connecticut and the alleged events described in the Complaint, but also has filed similar Complaints in several district courts that were dismissed as frivolous.

Accordingly, because amendment is likely to be futile, and Mr. Brewer has been afforded multiple opportunities to bring his claims, *see, e.g.*, *Brewer v. United States Government et al*, 1:23-cv-00866-HYJ-RSK, *Brewer v. United States Government et al*, 2:23-cv-01417, the Court denies leave to amend his Complaint. *See Rodriguez v. Bear Stearns Companies, Inc.*, No. 07-CV-1816 (JCH), 2009 WL 995865, at *10 (D. Conn. Apr. 14, 2009) (denying leave to amend where Plaintiffs were afforded two opportunities to amend, and finding "the defendant's interest in the expeditious adjudication of this litigation outweighs the plaintiffs' interest in yet another bite at the proverbial apple" (internal quotations omitted)).

## IV.   CONCLUSION

For the foregoing reasons, the Court **DISMISSES without prejudice** Mr. Brewer's Complaint under 28 U.S.C. § 1915(e)(2)(B), but denies leave to amend.

The Clerk of Court is respectfully directed to close this case.

**SO ORDERED** at New Haven, Connecticut, this 13th day of December, 2024.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE